# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9582 | **DATE** | 4/25/2002 |
| **CASE TITLE** | Sabratek Liquidating vs. KPMG LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/25/2002 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion to dismiss Counts III and IV is granted in part and denied in part. We deny KPMG's motion to dismiss with regard to Count III and grant it with respect to Count IV.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 6 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SABRATEK LIQUIDATING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01 C 9582 |
| | ) | |
| KPMG LLP, | ) | |
| | ) | **DOCKETED** |
| Defendant. | ) | APR 2 6 2002 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion to dismiss Counts III and IV of the complaint. For the reasons set forth below, the motion is denied in part and granted in part.

## BACKGROUND

Plaintiff Sabratek Liquidating LLC ("Sabratek LLC") is a limited liability corporation formed under Delaware law. It is the successor in interest to Sabratek Corporation ("Sabratek"), an ill-fated corporation that folded in 1999. Sabratek's woes have spawned several suits and opinions prior to this one, which detail the story of the corporation and its downfall. Geinko v. Padda, 2001 WL 1163728 (N.D. Ill. Sept. 28, 2001); Chu v. Sabratek, 100 F. Supp. 2d 815 (N.D. Ill. 2000); Chu v. Sabratek, 100 F.

13

Supp. 2d 827 (N.D. Ill. 2000). In the interest of brevity, we reiterate only the facts that pertain to today's motion.

Sabratek was a manufacturer of health care products. Defendant KPMG is an auditing and accounting firm; from 1997 to 1999 it performed various auditing, accounting, and consulting services for Sabratek. According to the complaint, in the course of performing these services, KPMG concocted schemes to allow Sabratek to allow Sabratek to improve the appearance of the corporate balance sheet. The claims allege that KPMG advised Sabratek ways to recast expenditures and assets to hide the corporation's true financial status. These "inventory and revenue manipulation schemes," which caused reports of Sabratek's earnings to be deficient by approximately $39 million, were eventually revealed, prompting the aforementioned suits by Sabratek investors and the speedy bankrupting of Sabratek.

In December 2001, Sabratek LLC filed the instant suit against KPMG, alleging negligence, negligent misrepresentation, breach of contract, and fraud on the part of Sabratek's former ally. KPMG has answered the complaint with respect to the negligence-based counts but moves to dismiss the breach of contract and fraud claims pursuant to Fed. R. Civ. Proc. 12(b)(6).

## LEGAL STANDARD

The purpose of a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892

F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). It is with these principles in mind that we turn to KPMG's motion.

## DISCUSSION

Initially, we note that KPMG's motion asserts that certain aspects of the prayer for relief are improper, namely the requests for punitive damages and attorneys' fees. In its response, Sabratek LLC concedes KPMG's points are valid. Accordingly, the components of the prayer for relief with which KPMG takes issue are stricken.

The four counts of Sabratek's complaint allege negligence, negligent misrepresentation, breach of contract, and fraud and fraudulent concealment. KPMG challenges the sufficiency of the latter two. Because our jurisdiction in this case stems from the diversity of the parties, we apply the substantive law of Illinois with regard to

determine the elements that Sabratek must plead to establish its claims. Charter Oak Fire Ins. Co. v. Hedeen, 280 F.3d 730, 735 (7th Cir. 2002). To determine the sufficiency of the pleading, however, we look not to the Illinois's fact-pleading standards but use instead the more liberal federal notice pleading standard. Charter Oak Fire Ins., 280 F.3d at 735; Petri v. Gatlin, 997 F. Supp. 956, 964 (N.D. Ill. 1997). The purpose behind notice pleading is simply to provide a defendant with enough information to prepare a defense. Veazey v. Communications & Cable of Chicago, Inc., 194 F.3d 850, 854 (7th Cir. 1999). A claim that would not survive a motion to dismiss in state court may therefore be perfectly viable in federal court. Petri, 997 F. Supp. at 964.

**Count III: Breach of Contract**

In Illinois, a plaintiff seeking to state a claim for breach of contract must allege that a valid and enforceable contract existed, that the plaintiff fulfilled all of his or her obligations under the contract, that the defendant did not, and that the plaintiff was injured as a result of the defendant's breach. Henderson-Smith & Assoc., Inc. v. Nahamani Family Serv. Ctr., Inc., 752 N.E.2d 33, 43 (Ill. App. Ct. 2001). KPMG's attack on Count III focuses on the factual underpinnings of the claim. Specifically, KPMG contends that the complaint does not identify the relevant agreement, its terms, or the pertinent parties. We are unconvinced. The allegations set forth in ¶ 5 of the complaint clearly states KPMG and Sabratek (the relevant parties) entered into contracts

(the relevant agreement) that required KPMG to "audit Sabratek's financial statements in accordance with generally accepted auditing standards ("GAAS") and to report the results of those audits to Sabratek, its Board of Directors, and the members of the investing public" (the relevant terms). Furthermore, in its answer to the complaint, KPMG admits that it entered into contracts with Sabratek to perform such audits. It makes no sense for KPMG to argue that the complaint provides it with enough information to acknowledge the existence of a contract to perform audits in accordance with GAAS and then claim that it does not have enough information to prepare a defense regarding the breach of that agreement. Count III goes on to allege that Sabratek performed its obligations, that KPMG did not, and that KPMG's actions resulted in damage to Sabratek. According to Illinois substantive law and federal notice pleading standards, that is enough to state a claim for breach of contract. See Albiero v. Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Petri, 997 F. Supp. at 965-66.

**Count IV: Fraud and Fraudulent Concealment**

Because Count IV sounds in fraud, the particularity requirements of Fed. R. Civ. Proc. 9(a) come into play. To state a claim for fraud under Illinois law, a plaintiff must allege a false statement of material fact, the defendant's knowledge of the falsity of the statement, the defendant's intent that the statement would induce the plaintiff to act, the plaintiff's justifiable reliance on the truth of the statement, and damages resulting from the reliance. Connick v. Suzuki Motor Co., 675 N.E.2d 584, 591 (Ill. 1998); Neptuno

Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor, 692 N.E.2d 812, 815, 818 (Ill. App. Ct. 1998).

KPMG argues mainly that the fraud claim of the complaint cannot stand because it is based on information and belief, which the Seventh Circuit has made clear is insufficient to satisfy the precomplaint inquiry that is required for a fraud claim. See, e.g., Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 924 (7th Cir. 1992); Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683-84 (7th Cir. 1992). This is only one of the fundamental deficiencies of Count IV. The allegations of the complaint cannot support a viable claim of fraud or fraudulent concealment because both causes of action require *justifiable* reliance. Neptuno, 692 N.E.2d at 815, 818. Although the justifiability of reliance is generally a question of fact, Miller v. William Chevrolet/GEO, Inc., 762 N.E.2d 1, 10 (Ill. App. Ct. 2001), a party may not "enter a transaction with his eyes closed to available information and then charge that he has been deceived by another." Chicago Export Packing Co. v. Teledyne Industries, Inc., 566 N.E.2d 326, (Ill. App. Ct. 1990). The complaint in this case alleges in several places that Sabratek actively participated in the revenue manipulation. Complaint, ¶¶ 9, 10, 12, 14. It is beyond credulity for Sabratek LLC to suggest that Sabratek could justifiably rely on a purported representation that assets could be reclassified to create $39 million out of thin air. Without this element and given that Sabratek LLC is

apparently basing its allegations on rumor and suspicion, Count IV does not state a claim upon which relief can be granted. Accordingly, it is dismissed.

## CONCLUSION

Based on the preceding analysis, we deny KPMG's motion to dismiss with regard to Count III and grant it with respect to Count IV.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: _April 25, 2002_