Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9582 | **DATE** | 11/18/2003 |
| **CASE TITLE** | Sabratek Liquidating vs. KPMG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Parties' motions in limine (Docs 78-1, 79-1, 83-1, 84-1, 85-1, 86-1, 87-1, 88-1 and 89-1) are granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: SCT

date docketed: NOV 18 2003

Document Number: 104

| | | |
|---|---|---|
| SABRATEK LIQUIDATING LLC, | ) | **DOCKETED** |
| Plaintiff, | ) ) ) | NOV 1 8 2003 |
| vs. | ) ) | 01 C 9582 |
| KPMG LLP, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

Before the court are two motions *in limine* brought by Plaintiff Sabratek Liquidating LLC ("Sabratek" or "Sabratek LLC") and seven motions *in limine* brought by Defendant KPMG LLP ("KPMG"). For the reasons set forth below, the parties' motions are granted in part and denied in part.

## BACKGROUND

Sabratek LLC is a limited liability corporation formed under Delaware law. It is the successor in interest to Sabratek Corp., a manufacturer of healthcare products which filed for Chapter 11 bankruptcy protection in Delaware in December 1999. Sabratek Corp.'s pre-bankruptcy conduct has spawned several suits and opinions prior to this one, which detail the story of Sabratek Corp.'s demise. See Geinko v. Padda,

104

2001 WL 1163728 (N.D. Ill. 2000); Chu v. Sabratek Corp., 100 F. Supp.2d 815 (N.D. Ill. 2000); Chu v. Sabratek Corp., 100 F. Supp.2d 827 (N.D. Ill. 2000). For purposes of brevity, we reiterate only the facts that pertain to the present motion.

KPMG is an auditing and accounting firm that provided various accounting, auditing, and consulting services for Sabratek Corp. from 1997 to 1999. Sabratek LLC alleges that in the course of providing these services, KPMG concocted schemes to allow Sabratek Corp. to manipulate its earnings and improve the appearance of its balance sheet. When Sabratek Corp.'s true financial state was eventually revealed (to the tune of an earnings deficiency of around $39 million), it filed for bankruptcy protection and the lawsuits ensued.

In December 2001 Sabratek LLC, asserting the claims of Sabratek Corp., filed the present action against KPMG, alleging negligence, negligent misrepresentation, breach of contract, and fraud. The fraud claims have been dismissed by this court, Sabratek Liquidating LLC v. KPMG LLP, 2002 WL 774185 (N.D. Ill. 2002), and the remaining claims are awaiting trial. The parties now file various motions *in limine*.

## LEGAL STANDARD

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. Falk v. Kimberly Services, Inc., 1997 WL 201568, *1 (N.D. Ill. 1997). However, a court has the power to exclude evidence *in*

*limine* only when that evidence is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). A district court should be mindful that some proposed evidentiary submissions cannot be accurately evaluated in a pretrial context via a motion *in limine*. Tzoumis v. Tempel Steel Co., 168 F. Supp.2d 871, 873 (N.D. Ill. 2001). For this reason, certain evidentiary rulings should be deferred to trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. Hawthorne Partners at 1400. Denial of a motion *in limine* does not automatically mean that all evidence contemplated by the motion will be admitted at trial. Id. at 1401. Instead, the court will entertain objections to individual proffers as they occur at trial. Id. In any event "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Luce v. U.S., 469 U.S. 38, 41-42 (1984)

## DISCUSSION

Sabratek has filed two motions *in limine*, while KPMG has filed seven.

## SABRATEK'S OMNIBUS MOTION *IN LIMINE*

Sabratek has filed an omnibus motion *in limine*, consisting of twenty-five requests regarding, for the most part, general trial matters.

### a. Undisputed Requests

KPMG does not object to the barring of the following categories of evidence, provided that their exclusion apply equally to both parties. Therefore, Sabratek's motion to exclude the following categories of evidence is granted, provided that Sabratek reciprocally refrains from introducing such evidence:

(1) Any reference to the personal beliefs or opinions of counsel (Request 6).

(2) Any reference to any mediation of this case, or to any statements or conduct in connection with any mediation of this case (Request 8).

(3) Any questions addressed to parties' counsel in front of the jury (Request 9).

(4) Any request or question to parties' counsel to stipulate to either the admissibility of any evidence or to any facts or matters in front of the jury (Request 10).

(5) Any reference to whether or not parties' counsel has declined to stipulate to any facts or have declined to agree to anything at all (Request 11).

(6) Any reference or questions to jurors during voir dire in an attempt to commit jurors to the weight they would give certain evidence (Request 13).

(7) Any references to the fact that parties or their counsel have conducted or are conducting jury research in connection with this case (Request 14).

(8) Any reference to evidence of the conduct or action of parties' counsel in unrelated matters or other litigation involving parties' counsel (Request 15).

(9) Any request by parties' counsel, in the presence of the jury, that counsel for the opposing party produce documents or items of any type, stipulate to any facts, or make any sort of agreement (Request 18).

(10) Any reference to discovery disputes between parties and any documents or items subject to any discovery dispute between parties (Request 21).

(11) Any reference to or disclosure of the fact that parties' instant motions have been presented to or ruled on by this court. In addition, parties are instructed not to state or in any way suggest to the jury, by argument or otherwise, that parties have sought to exclude from evidence any matter bearing on the issues in this case or the rights of the parties to this lawsuit (Request 23).

(12) Any reference to the financial conditions of the parties (Request 25).

### b. Disputed Requests

Sabratek's First Request seeks to preclude "any evidence which would tend to inform the jury of the effect of their answers to any jury instructions." This request is denied, as parties' counsel will be entitled to make arguments consistent with this court's instructions concerning jury interrogatories.

Sabratek's Second Request seeks to preclude "testimony by any witness, live or by deposition, not timely identified in answers to interrogatories propounded by Sabratek LLC." This request is denied, as witness testimony will be allowed only in accordance with the Final Pretrial Order.

Sabratek's Third Request seeks to preclude "any argument or insinuation concerning a witness not called by Sabratek LLC but equally available to KPMG, including suggestions that (i) Sabratek LLC should have called such witness, (ii) Sabratek would have called such witness if such testimony would have helped Sabratek LLC, or (iii) the testimony of any witness would have been unfavorable to Sabratek LLC or favorable to KPMG." This request is denied, without prejudice, but may be resubmitted at trial, when it can be resolved in fuller context.

Sabratek's Fourth Request seeks to preclude "any opinion testimony (i) by a witness not timely designated and qualified by KPMG as an expert, or (ii) not described in answer to Sabratek LLC's interrogatories." As to Sabratek's request concerning non-expert witnesses, Federal Rule of Evidence 701 allows lay opinion testimony in certain circumstances and "[t]he admissibility of lay opinion testimony . . . cannot be determined until a sufficient foundation is laid at trial." U.S. v. Gust K. Newberg Construction Co., 1995 WL 383133, *2 (N.D. Ill. 1995). For this reason, the first part of this request is denied. As for the request concerning experts, the request

is denied, as expert testimony will be allowed only in accordance with the Final Pretrial Order.

Sabratek's Fifth Request seeks to preclude "any reference to the outcome of other litigation in which Sabratek or any entity in which it was or is associated has been a party." This request is denied as overly broad, as evidence of this nature could be potentially admissible under Federal Rule of Evidence 404(b).

Sabratek's Seventh Request seeks to preclude "any question inquiring about alleged conduct or alleged transactions the occurrence of which KPMG does not have a good faith expectation of being able to establish with admissible evidence." This request is denied as being too vague as it does not point to any specific category of evidence.

Sabratek's Twelfth Request seeks to preclude "any reference to the contents of any of Sabratek LLC's pleadings which have been superseded by current pleadings on file in this case." This request is denied as superceded pleadings are evidentiary admissions that may be admitted at trial. Old Republic Ins. v. Employers Reinsurance Corp., 1996 WL 238736, *3 (N.D. Ill. 1996).

Sabratek's Sixteenth Request seeks to preclude "all documents not produced by KPMG which would have been responsive to Sabratek LLC's request for production of documents or to any subpoena duces tecum." This request is denied as Federal Rule

of Civil Procedure 37, not a motion *in limine*, is the appropriate vehicle for excluding evidence that was improperly not produced in discovery. Nichols v. City of Chicago, 1992 WL 92177, *3 (N.D. Ill. 1992).

Sabratek's Seventeenth Request seeks to preclude "any evidence which tends to controvert or dispute matters deemed admitted by KPMG in response to Sabratek LLC's discovery requests." Because Sabratek seeks to exclude potentially relevant evidence with this extremely broad request, it must be denied. More specific requests of this sort should be deferred until trial.

Sabratek's Nineteenth Request seeks to preclude "any disclosure of the fact that Sabratek has not called to testify any witness equally available to both parties in this case and that counsel for KPMG be instructed not to tender, read from, or refer to any ex parte statement or report of any person not then and there present in court to testify and available for cross-examination by counsel for Sabratek LLC." This request is denied as it seeks to preclude evidence potentially admissible under, *inter alia*, Federal Rules of Evidence 612, 703, and 803.

Sabratek's Twentieth Request seeks to preclude "any reference to or disclosure to the jury in argument or otherwise, the contents of any exhibit which has not been admitted into evidence or which has been expressly excluded from evidence by the Court." This request is denied as vague and overly broad. More specific requests of

this nature will be deferred until trial and ruled on in accordance with the Federal Rules of Evidence.

Sabratek's Twenty-Second Request seeks to preclude "any reference to or presentation of testimony or statements of any kind, including but not limited to, deposition testimony, of any person, whether as a fact witness or as an expert witness, who has not previously been designated by KPMG in response to interrogatories." This request is denied, as evidence and witness testimony will only be allowed in accordance with the Final Pretrial Order and the Federal Rules of Evidence.

Sabratek's Twenty-Fifth Request seeks to preclude "any reference that Sabratek LLC is a successor to Sabratek Corporation." It has already been established that Sabratek LLC "is the successor in interest to Sabratek Corporation," Sabratek Liquidating LLC v. KPMG LLP, 2002 WL 774185, *1 (N.D. Ill. 2002). While this fact certainly is of legal relevance, as it allows Sabratek LLC to assert the claims of Sabratek Corp., it is not a fact that is relevant to the jury's evaluation of the underlying claims at issue. For this reason, it is inadmissable pursuant to Federal Rules of Evidence 401 and 402, and Sabratek's request is granted.

## SABRATEK'S FIFTH AMENDMENT MOTION *IN LIMINE*

Sabratek has also filed a motion *in limine* seeking to exclude any reference before the jury that five former senior officers of Sabratek Corp. ("Former Officers")

have invoked their Fifth Amendment rights against self-incrimination during their depositions in this case. Sabratek claims that any evidence concerning the Former Officers' invocation of their Fifth Amendment rights should be excluded as either irrelevant or unfairly prejudicial, pursuant to Federal Rules of Evidence 402 and 403. KPMG counters that evidence relating to the Former Officers' conduct is relevant as to Sabratek's claims and KPMG's affirmative defenses. Both parties cite relevant case law in support of their positions.

As a result of this dispute over the validity of Sabratek's motion, this court will deny it, without prejudice, allowing Sabratek to resubmit it at trial. This is because "only evidence that is *clearly inadmissible for any purpose* should be excluded pursuant to a motion *in limine*." Tzoumis, 168 F. Supp.2d at 874 (emphasis added). Since valid arguments can be made for and against excluding the Fifth Amendment invocations of the Former Officers, our ultimate decision will be deferred until trial where "questions of foundation, relevancy and potential prejudice may be resolved in the proper context." Hawthorne Partners, 831 F. Supp. at 1400.

**KPMG'S FIRST MOTION *IN LIMINE***

KPMG moves to limit the testimony of Henry F. Owsley, one of Sabratek's expert witnesses, so as to preclude him from offering testimony about reasonably prudent directors as well as the quality of KPMG's audit work. KPMG asserts that

Owsley's opinions are irrelevant, and that his qualifications and his proposed testimony's principles and methods do not satisfy Federal Rule of Evidence 702. Sabratek counters that Owsley is well qualified as an expert and that his testimony is relevant as to the application of the business judgment rule.

This motion is denied, without prejudice. It may be resubmitted at trial, where we will entertain brief oral argument. Questions concerning the relevancy of and qualifications behind Owsley's testimony can be resolved in a more appropriate context.

## KPMG'S SECOND MOTION *IN LIMINE*

KPMG's second motion *in limine* seeks to bar Sabratek LLC from asserting that Sabratek Corp. lacked knowledge of facts known to Sabratek's Corp.'s officers and directors. In support of this motion KPMG cites various cases which cumulatively stand for the proposition that the knowledge of officers and agents of a corporation are imputed to the corporation when the knowledge is acquired on the corporation's behalf. While Sabratek does not seem to disagree with this notion, they strongly dispute that certain officers and directors were acting on Sabratek Corp.'s behalf. Instead, Sabratek claims that these officers were acting for their own benefit and to the detriment of Sabratek Corp. Because KPMG's argument hinges on questions that will not be answered until trial, this motion is denied.

## KPMG'S THIRD MOTION *IN LIMINE*

KPMG's third motion *in limine* seeks to bar Sabratek from asserting that it is suing on behalf, or for the benefit, of anyone other than Sabratek Corp. KPMG argues that evidence that Sabratek is in effect suing on behalf of Sabratek Corp.'s creditors is irrelevant and prejudicial. Sabratek argues that the jury is entitled to know who will benefit from any judgment entered against KPMG, stating that the fact that all recoveries will go to innocent creditors is relevant and admissible evidence.

According to Federal Rule of Evidence 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." While evidence concerning the ultimate beneficiaries of this lawsuit may help jurors understand the procedural foundations of this case, such evidence is of no consequence to the underlying claims at issue. Whether creditors or former officers of Sabratek Corp. would be compensated as a result of a verdict in Sabratek LLC's favor has absolutely no bearing on the facts at issue for trial, namely the past conduct of Sabratek Corp. and KPMG. This motion is granted, as any reference to the identity of Sabratek LLC's beneficiaries is inadmissible as irrelevant under Federal Rules of Evidence 401 and 402.

## KPMG'S FOURTH MOTION *IN LIMINE*

KPMG's fourth motion *in limine* seeks to bar Sabratek from introducing KPMG's internal audit manuals and guidelines into evidence or otherwise referring to those materials at trial. KPMG argues that its internal audit manuals are irrelevant, as Generally Accepted Accounting Standards ("GAAS") are what determine the duties and standards of care at issue.

However, KPMG's internal standards and procedures could have potential relevance as to Sabratek's negligence claims. In particular, they could shed light on KPMG's knowledge of applicable accounting standards and whether the result of its conduct was foreseeable. In addition, these manuals could be used as potential impeachment evidence. For these reasons, this motion is denied.

## KPMG'S FIFTH MOTION *IN LIMINE*

KPMG's fifth motion *in limine* seeks to bar Sabratek from presenting "evidence regarding, or referring in argument to, auditing and financial reporting irregularities recently reported in the media, such as those relating to Enron and Arthur Andersen, and to any allegations against KPMG involving different clients." KPMG is correct that the improper conduct of other firms, such as Arthur Andersen, has little, if any relevance to KPMG's conduct at issue in the present case. The probative value of references to the accounting scandals of the past few years is substantially outweighed

by the risk of unfair prejudice that could be given to such evidence by the jury. For this reason, pursuant to Federal Rule of Evidence 403, if Sabratek wishes to allude to improper accounting practices by parties other than KPMG, it must first request permission from the court.

KPMG also requests this court to bar references to any allegations involving KPMG and other clients. However, references to prior bad acts are allowed in certain circumstances pursuant to Federal Rule of Evidence 404(b). Because of the potential admissibility of evidence relating to KPMG's conduct vis-a-vis other clients, this aspect of KPMG's fifth motion *in limine* is denied.

## KPMG'S SIXTH MOTION *IN LIMINE*

KPMG's sixth motion *in limine* seeks to bar Sabratek from presenting evidence regarding, or referring to KPMG's size, geographic scope, annual earnings, net worth, or insurance coverage. Sabratek responds that it does not intend to offer evidence concerning KPMG's annual earnings, net worth, or insurance coverage. Based on its representations, if Sabratek wishes to present evidence of this sort, it must first request permission from this court. As to KPMG's request concerning evidence about its size and geographic scope, such evidence is potentially relevant to issues relating to KPMG's accounting and auditing expertise. For this reason, this request is denied pending trial, when specific objections can be made in a more appropriate context.

## KPMG'S SEVENTH MOTION *IN LIMINE*

KPMG's seventh motion *in limine* seeks to bar Sabratek from presenting evidence that certain services provided by KPMG were not for the benefit of Sabratek. The evidence KPMG seeks to bar relates to its counterclaim for setoff involving various services it provided to Sabratek in 1999 that KPMG claims were unpaid. This motion is denied, without prejudice, but may be resubmitted at trial where a determination can be made in a more appropriate context.

KPMG specifically requests that this court bar Sabratek's auditing expert Stuart Harden from testifying on issues relating to whether KPMG's 1999 services benefitted Sabratek. Because Sabratek has represented that it does not intend to present any testimony from Stuart Harden on this issue, we will require that it first seek permission from this court before doing so.

## CONCLUSION

For the reasons discussed above, the parties' motions *in limine* are granted in part and denied in part.

/s/ Charles P. Kocoras

Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV 1 8 2003